WILLIAM GEORGE MARK HIGMAN, APPEARING BY WILLIAM B. HIGMAN, HIS GUARDIAN AD LITEM, AND ANOTHER v. INDEPENDENT SCHOOL DISTRICT NO. 37 OF BELTRAMI COUNTY AND OTHERS. ELMER KAHLSTORF AND ANOTHER, APPELLANTS.

161 N. W. (2d) 696.

September 20, 1968—No. 40,777.

*Thomas M. Hilligan* and *Smith, McRae & Hilligan,* for appellants.

*Edward E. Dessert* and *Powell & Dessert,* for respondents school district and Smith.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

ROGOSHESKE, JUSTICE.

This is an action to recover damages for personal injuries sustained by a passenger in defendant school district's bus, driven by defendant Robert A. Smith, when it was struck in the rear by a truck driven by defendant Darrell E. Arvidson, an employee of defendant Elmer Kahlstorf. The jury by special verdict found that both drivers were negligent but that the negligence of the truck driver alone was the proximate cause of the collision, thus rendering him and his employer solely liable for the stipulated damages to plaintiffs. The trial court upheld the jury's findings, and defendant truck driver and his employer appeal. The main question raised is whether the bus driver's negligence was a proximate cause of the collision as a matter of law.

The accident occurred at about 1 p. m. on November 5, 1959, at a point on U. S. Highway No. 71, about a mile north of Bemidji. At that point, Highway 71 is a 20-foot-wide concrete two-lane highway running generally north and south with a 10-foot grass and gravel shoulder on the west side which, at the time of the accident, was covered by three or four inches of snow. It is level and relatively straight so that there is clear vision along the highway for at least 2 miles north of the accident site. The west edge of the concrete has a lip and, at the edge of the shoulder, the west ditch drops off abruptly to a depth of about 7½ feet. At the time and place of the accident the highway was bare except for patches of snow, apparently caused by a light snowfall just prior to the time the accident occurred. The school bus was orange colored, 26 feet long by 8 feet wide, and was equipped with two alternating flashing red lights located at the top rear outer edges activated by a control lever by which a "STOP"

arm is extended horizontally from the left side. Below these flashers are two turn signal lights as well as two brake lights. Appellants' truck was a Ford flatbed with a storage shack loaded thereon.

The bus driver entered Highway No. 71 about one to one and one-half miles north of the accident scene and made approximately eight stops to discharge children along this stretch of the highway. Each time, he stopped upon the traveled lane of the highway, and each time, except for the stop at which the collision occurred, he extended the stop arm and activated the flashing red lights. On the seventh stop, about one-fourth mile from the accident, he became aware of the appellants' truck following him. He proceeded gradually, accelerating to a speed of 30 to 35 miles per hour. When he was about a "block" from the accident stop, he began to slow down and pump the brakes to activate the brake lights, for he was aware that the distance separating the truck from his bus was diminishing and also that a second pickup truck was approaching the bus from the south. By the time he had slowed to 5 miles per hour, the second truck was only 25 to 50 feet from the front end of the bus. At no time during the approach to the stop or during the actual stop did he extend the stop arm or attempt to activate the rear and front flashing lights because, he explained, the oncoming pickup was "too close" and "he would have gone through the stop arm had I put it out." He also made no attempt to turn off on the west shoulder. In a "matter of seconds" after he stopped the truck struck the rear of the bus.

Viewing appellant truck driver's testimony in a light most favorable to sustain the jury's findings, he admitted that the bus was at all times in plain sight upon the highway but that he first became aware of it when he was about one-fourth to one-half mile from it, at which time he observed the bus "just starting up"; that he didn't intend to pass it but drove up so close behind that it blocked his vision of oncoming traffic; that he observed no brake lights; that he did not know how far he was from the rear of the bus when he realized it was stopping nor how far he was from it when he applied his brakes nor what his speed was upon impact. He admitted to the investigating officer that "he didn't see the school bus" and to the bus driver and to the pickup truck driver that "I guess I was traveling awfully fast."

In explaining the denial of appellants' post-trial motions, the trial court in part suggested that the jury, in finding the bus driver's negligence not to be a proximate cause might have "more or less applied the rule of intervening cause without receiving an instruction thereon." From this and from the fact that the court had denied respondents' request to instruct the jury concerning the rule of superseding cause, appellants argue that such explanation could not justify the jury's finding since the truck driver's negligence could not be a superseding cause of the collision insulating respondents from liability. For this proposition appellants cite Mikes v. Baumgartner, 277 Minn. 423, 152 N. W. (2d) 732. Therefore, appellants urge that the negligence of the bus driver must be held to be a proximate cause as a matter of law. We can agree that the evidence did not create an issue of an intervening cause which could be a superseding cause since, at the very least, the collision was a foreseeable consequence of the negligence of the bus driver. Kroeger v. Lee, 270 Minn. 75, 132 N. W. (2d) 727. However, we cannot agree that the bus driver's negligence contributed to cause the collision as a matter of law or that the court erred in sustaining the jury's finding.

We hold that the issue of causation as to each driver's negligence was a question for the jury and the challenged finding has adequate evidentiary support. Where, as here, the issues of negligence and causation are not free from doubt and their resolution is so largely dependent upon an assessment of the credibility of witnesses testifying about an event nearly 7 years after it occurred, we share the view of the trial judge that the jury was not required, after finding the bus driver negligent, to find that such negligence was a proximate cause. The jury could have concluded consistent with the evidence that the truck driver's negligence was the sole cause of the collision. They could have found that his flagrant inattention in failing to observe the large bus repeatedly stopping during its course upon the highway and its flashing brake lights as it came to the eighth stop together with his failure to appropriately reduce his speed so as to follow behind at a safe distance so predominated in causing the accident that the negligence of the bus driver in improperly stopping upon the highway without adequate warning signals played no substantial part in bringing about an accident which would have occurred even though the

flashing signals had been activated. Thus, although the negligence of each driver was concurrent, each was also independent, and the jury could find that only that of the truck driver was a direct cause of the collision. Even though we might have found otherwise, we are not at liberty to interfere.

Nor are we persuaded that appellants were prejudiced or that the court erred in refusing their request to instruct on the emergency rule or in permitting the jury to find that the truck driver violated Minn. St. 169.18, subd. 8(b), which prohibits trucks from following other vehicles outside a business district at less than 500 feet.

Affirmed.